IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL ASSOCIATION OF BROADCASTERS,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,<br><br>Respondents. | 16-1394<br>Case No. 16-_____ |

**PETITION FOR REVIEW**

Pursuant to Section 402(a) of the Communications Act of 1934, 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342 and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure, the National Association of Broadcasters ("NAB")[1] hereby petitions this Court for review of the Federal Communications Commission's *2014 Quadrennial Regulatory Review – Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the*

---

[1] NAB is a nonprofit trade association that advocates for free local television and radio stations and broadcast networks before Congress, the Federal Communications Commission ("Commission") and other agencies, and the courts. NAB and its member broadcasters actively participated in the proceedings below.

*Telecommunications Act of 1996; 2010 Quadrennial Regulatory Review – Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996; Promoting Diversification of Ownership in the Broadcasting Services; Rules and Policies Concerning Attribution of Joint Sales Agreements in Local Television Markets*, Second Report and Order, FCC No. 16-107, 2016 WL 4483722 (rel. Aug. 25, 2016) ("Order"). A synopsis of this Order was published in the Federal Register on November 1, 2016. *See* 81 Fed. Reg. 76,220. A copy of the Order is attached to this Petition as Exhibit A.

Venue lies in this Court pursuant to 28 U.S.C. § 2343. Nevertheless, NAB has no objection to the adjudication of this case in the U.S. Court of Appeals for the Third Circuit and will not oppose any motion to transfer this petition for review and any consolidated petitions for review to the Third Circuit pursuant to the random selection procedure in 28 U.S.C. § 2112.[2]

---

[2] On May 25, 2016, the Third Circuit issued a decision on the Commission's previous quadrennial review order. *See Prometheus Radio Project v. FCC*, 824 F.3d 33 (3d Cir. 2016) ("*Prometheus III*"). With respect to ownership diversity and the newly adopted joint sales agreement rule, the Third Circuit remanded the matter and stated that it retained jurisdiction over those issues. *Id.* at 60. On November 3, 2016, Prometheus Radio Project and Media Mobilizing Project filed a petition for review of the Order in the Third Circuit. *See* Pet. for Review, *Prometheus Radio Project v. FCC*, No. 16-4046 (Nov. 3, 2016). NAB's representation that it will not oppose transfer in this case is not a waiver of its right to challenge the Third Circuit's asserted authority to review future quadrennial review orders. *Cf.* Order at 3, *Howard Stirk Holdings, LLC v. FCC*, No. 14-1090 (Nov. 24, 2015) (statement of Williams, J.) ("I am concerned . . .

According to Section 202(h) of the Telecommunications Act of 1996, the Commission "shall" review its broadcast ownership rules every four years, "determine whether any of [those] rules are necessary in the public interest as the result of competition," and "repeal or modify any regulation it determines to be no longer in the public interest." Pub. L. No. 104-104, § 202(h), 110 Stat. 111-12. Despite these unambiguous commands, the Commission failed to complete its 2010 quadrennial review, which began in 2009, and instead unlawfully merged its 2010 review into a new 2014 proceeding. Now, seven years after it began the process that Congress mandated should occur every four, the Commission has *finally* concluded its 2010 and 2014 quadrennial reviews in the Order.

Yet even after this long delay, and despite the obvious transformative changes in the media landscape in the decade since the Commission's last completed quadrennial review, the Commission failed to take a fresh look at the broadcast ownership rules and to repeal or modify them in light of those changes. Instead, it relied largely on its conclusions in past reviews that the rules should be retained and then reaffirmed each one—with only minor modifications. It also readopted the

---

that given the widening circle of interlocked issues, plus the Commission's interminable processes . . . , a vast range of issues may be forever committed to one circuit, contrary to the goals of Congress in authorizing review in 12 different circuits.").

restriction on joint sales agreements, which effectively tightened the Commission's local television rule, and imposed new reporting requirements for all television shared service agreements.

The Order cannot stand in light of Section 202(h) and the requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* The broadcast ownership rules are relics of a long-gone era. Many have not been updated in several decades, despite dramatic evolution in the communications landscape that has eroded the rules' original public-interest justifications and fundamentally altered the nature of competition—such as the decline of print newspapers, the meteoric rise of the Internet, and the explosion of multichannel and digital video and audio options for consumers.

As one example, the local television ownership rule's ban on owning more than two television stations in the same market has remained largely unchanged since 1999—even though this Court questioned the support for the rule in 2002 in light of the growing competition that existed even then, *see Sinclair Broad. Grp., Inc. v. FCC*, 284 F.3d 148, 152, 162 (D.C. Cir. 2002), and even though the Commission itself concluded that the rule was no longer necessary in 2003, *see Prometheus Radio Project v. FCC*, 373 F.3d 372, 386-87 (3d Cir. 2004). And as the Third Circuit recognized, the Commission has determined on two separate occasions that its newspaper/broadcast cross-ownership rule, which dates back to 1975 and

4

prohibits ownership of a daily newspaper and a single television or radio station in the same market, "is no longer in the public interest." *Prometheus III*, 824 F.3d at 51. Yet that rule, too, persists.

Congress enacted Section 202(h) precisely to prevent outdated rules like these from becoming permanently entrenched and, instead, to ensure that the Commission regularly and meaningfully revisits the rules so that their constraints remain necessary in light of current competitive conditions. Under the Order, however, the Commission has left broadcasters to labor under outdated and unnecessary restrictions (as well as new restrictions and other obligations) that harm their ability to compete and indeed survive in today's digital media marketplace.

The Order is final agency action that has significant and immediate adverse consequences for NAB and the broadcasters whose interests it represents by subjecting NAB's members to onerous regulations that do not serve the public interest, and imposing new legal obligations and burdens, in violation of Section 202(h) and the APA.

NAB now seeks relief from the Order on the grounds that: (1) it is arbitrary, capricious, and an abuse of discretion under 5 U.S.C. § 706; (2) it is contrary to constitutional right; and (3) it is otherwise contrary to law.

Accordingly, NAB requests that this Court hold unlawful, vacate, and set aside the Order and the broadcast ownership rules that the Order unlawfully retained, and grant such additional relief as may be necessary and appropriate.

Dated: November 14, 2016

Respectfully submitted,

*Helgi C. Walker*

Rick Kaplan
Jerianne Timmerman
NATIONAL ASSOCIATION OF
BROADCASTERS
1771 N Street, N.W.
Washington, D.C. 20036
Telephone: (202) 429-5430

Helgi C. Walker
  *Counsel of Record*
Ashley S. Boizelle
Rebekah Ricketts
Lindsay S. See
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Petitioner National Association of Broadcasters*

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL ASSOCIATION OF BROADCASTERS, | |
| Petitioner, | |
| v. | Case No. 16-_____    16-1394 |
| FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, | |
| Respondents. | |

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 26.1, Petitioner National Association of Broadcasters ("NAB") states as follows:

NAB is a nonprofit, incorporated association of radio and television stations. It has no parent company, and has not issued any shares or debt securities to the public; thus no publicly held company owns ten percent or more of its stock. As a continuing association of numerous organizations operated for the purpose of

promoting the interests of its membership, the coalition is a trade association for purposes of D.C. Circuit Rule 26.1.

Dated: November 14, 2016

Rick Kaplan
Jerianne Timmerman
NATIONAL ASSOCIATION OF
BROADCASTERS
1771 N Street, N.W.
Washington, D.C. 20036
Telephone: (202) 429-5430

Respectfully submitted,

*/s/ Helgi C. Walker*

Helgi C. Walker
  *Counsel of Record*
Ashley S. Boizelle
Rebekah Ricketts
Lindsay S. See
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Petitioner National Association of Broadcasters*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2016, I caused copies of the foregoing Petition for Review and Corporate Disclosure Statement to be served via first-class mail upon the following parties:

Howard Symons
Office of General Counsel
Federal Communications Commission
445 12th Street, S.W.,
Room 8-A741
Washington, D.C. 20554
(also served via electronic mail)

*Counsel for Federal Communications Commission*

The Honorable Loretta Lynch
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Kristen C. Limarzi
Chief, Appellate Section,
Antitrust Division
U.S. Department of Justice
Room 3222
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-00001

*Counsel for United States of America*

/s/ Helgi C. Walker
Helgi C. Walker
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036

# Exhibit A